UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTONIO HILL,                           )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )        Case No. 4:12CV00937 ERW
                                        )
ACRUX,                                  )
                                        )
            Defendant.                  )

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Acrux's Motion to Dismiss [ECF No. 9], filed July 11, 2012.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Antonio Hill ("Plaintiff") was an employee of Defendant Acrux ("Defendant"), a temporary employment agency, until September 2010 [ECF No. 18 at *3].  At that point, Plaintiff began receiving unemployment benefits [ECF No. 1 at *5].  Those benefits were not contested by Defendant [ECF No. 1 at *6].  On June 30, 2011, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that his September 2010 termination was due to his race and religious beliefs [ECF No. 18-1 at *2].  Plaintiff received his right-to-sue letter on that charge February 3, 2012, which provided him ninety days to file suit against Defendant [ECF No. 18-1 at *2].  Those ninety days expired before commencement of this suit.

In September 2011, one year after Plaintiff began receiving unemployment benefits, Plaintiff sought renewal of his benefits [ECF No. 1 at *5-6].  Defendant at that point filed a challenge to Plaintiff's renewal of benefits [ECF Nos. 1 at *6, 18 at *3].

Plaintiff filed a second charge with the EEOC on December 18, 2011, alleging retaliation by Defendant for filing his first EEOC charge, insofar as Defendant elected to contest Plaintiff's

second year of unemployment benefits [ECF No. 18-2].  The EEOC issued Plaintiff a right-to-sue letter for this charge on February 24, 2012, again providing Plaintiff ninety days with which to bring suit in federal court [ECF No. 18-2 at *1].  It is this charge that forms the substance of Plaintiff's complaint.

Plaintiff's pro se complaint was filed May 22, 2012, alleging Title VII employment discrimination [ECF No. 1 at *1].  Plaintiff also alleged in his statement of facts that an employee of Defendant had defamed Plaintiff by stating that Plaintiff had been intoxicated at work, subsequently leading to Defendant losing its contract with the facility where Plaintiff was working.

Defendant filed its motion to dismiss July 11, 2012, arguing that Plaintiff had failed to provide service of process pursuant to Fed. R. Civ. P. 12(b)(5), and that Plaintiff failed to state a claim upon which relief could be granted pursuant to Fed. R. Civ. 12(b)(6) [ECF No. 9].  Plaintiff filed his response August 20, 2012 [ECF No. 13].  Plaintiff was instructed by this Court to supplement that filing, and a second response was filed September 13, 2012 [ECF No. 15].  Defendant filed its reply October 1, 2012 [ECF No. 18].

## II.   DISCUSSION

### A.   LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Allegations "merely consistent with" liability are insufficient to create plausibility.  *Id.*

A court may not consider matters outside the pleadings on a Rule 12(b)(6) motion to dismiss.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  However, "documents necessarily embraced by the complaint are not matters outside the pleading."  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150–51 (8th Cir. 2012) (quotations omitted).  Documents necessarily embraced by the pleadings include those "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Ashanti*, 666 F.3d at 1151.

### B.    DEFENDANT'S MOTION TO DISMISS

Defendant argues: (1) that Plaintiff's complaint should be dismissed for failure of service of process, (2) that Plaintiff's complaint should be dismissed because he has failed to allege any material adverse action taken by Defendant, and (3) that Plaintiff's charge of defamation should be dismissed for failure to plead a prima facie case of defamation.  These arguments are considered in turn.

### 1.    SERVICE OF PROCESS

Regardless of whether Plaintiff's service of process was sufficient, on June 6, 2012, this Court granted Plaintiff leave to file in forma pauperis [ECF No. 5].  It further ordered the Clerk of Court to issue service of process upon Defendant.  Plaintiff was entitled to rely upon the Court, and the United States Marshal's Service, to effectuate service of process.  *See Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n.*, 139 F.R.D. 376, 379 (D. Minn. 1991).  Thus any alleged failure by Plaintiff to effectuate proper service of process subsequently was cured by this Court [ECF No. 6].

## 2.    RETALIATION

An employee claiming retaliation under Title VII must show that he (1) engaged in protected activity, that he (2) suffered a materially adverse action that would deter a reasonable employee from making charge of employment discrimination, and that (3) there existed a causal connection between the protected activity and the adverse action. Civil Rights Act of 1964, § 704(a), 42 U.S.C. § 2000e-3(a).  Defendant argues that Plaintiff suffered no materially adverse action, in that their contest of Plaintiff's benefits was not successful.

Defendant cites *Kerns v. Capital Graphics, Inc.*, 178 F.3d 1011 (8th Cir. 1999) for the proposition that "challenging unemployment benefits . . . is insufficient to state a cause of action for retaliation where benefits are awarded." [ECF No. 18 at *3].  This Court does not interpret *Kerns* as supporting this proposition.  Nowhere in *Kerns* does the Eighth Circuit make such a statement; in fact, much the opposite is suggested.  *See id.* at 1019 ("[T]here is evidence that the company's belated appeal [of Plaintiff's filings] could have been retaliatory because of the suggestive timing.").  Regardless, the holding of *Kerns* relied upon the plaintiff's failure to present evidence of her employer's adverse action, not on the legal sufficiency of the allegations contained in the complaint.  Any broader interpretation of *Kerns* would involve non-binding dicta.

Defendant also cites two Alabama cases that more directly support its proposition: *Bevill v. UAB Walker College*, 62 F.Supp.2d 1259, 1280 (N.D. Ala. 1999) and *Gaddis v. Russell Corp.*, 242 F.Supp.2d 1123, 1144-45 (M.D. Ala. 2003).  Both cases reach the conclusion advocated by Defendant, that a challenge to unemployment benefits does not constitute materially adverse action.  These cases are not binding authority on this Court.  It is worth noting that *Bevill* has been criticized and rejected by at least one other district court.  *See Helfrich v. Lehigh Valley Hosp.*, 2003 WL 23162431 *5 (E.D. Pa.).  Moreover, both cases predate the U.S. Supreme

Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), declaring the standard for retaliation claims to be an objective question.

In evaluating whether Defendant's response to Plaintiff's filing constituted materially adverse action, the question is whether "a reasonable employee would have found the challenged action materially adverse." *Burlington Northern. & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006).  *Id.* at 68.  In evaluating this question, "[c]ontext matters." *Id.* at 69.  Thus the question is whether a reasonable employee in the position of Plaintiff would have found that a former employer's challenge to his renewal of unemployment benefits constituted action materially adverse to his interests.  This potentially adverse action must rise above "petty slights, minor annoyances, and simple lack of good manners." *Id.* at 68.

*Burlington* leads this Court to conclude that granting Defendant's motion to dismiss would be inappropriate.  Plaintiff engaged in protected activity when he filed an EEOC claim, and subsequent activity occurred that reasonably could be interpreted as material adverse action.  This Court finds it at least plausible that a causal connection exists between the two.  When combined with Defendant's decision not to contest Plaintiff's initial receipt of benefits, as well as its decision not to provide information to the Missouri Division of Employment Security when provided the opportunity [ECF No. 13 at *4], it suggests a plausible taint of retaliation.

Because this Court concludes from the factual record that Plaintiff has established, at a minimum, the plausibility of relief, it will deny Defendant's motion to dismiss claims for Title VII retaliation.

### 3.    DEFAMATION

To establish a prima facie case for defamation, a plaintiff must show: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the

requisite degree of fault, and 6) damages the plaintiff's reputation." *State ex rel. BP Prods. N. Am. Inc. v. Ross,* 163 S.W.3d 922, 929 (Mo. 2005).

Plaintiff has failed to establish the first, fifth, and sixth elements of a claim for defamation. Plaintiff's essential claim is that he was told he was being fired for being intoxicated at work, and that Defendant had lost its contract with that location as a result [ECF No. 1 at *6]. Plaintiff fails to allege that this statement was communicated to persons other than Plaintiff; that the statement was made with knowledge that it was false, or with a reckless disregard for the truth; or that the statement damaged Plaintiff's reputation. Plaintiff's bare allegations in his second response do not cure these deficiencies, because he fails to allege specific individuals to whom communications were made, he fails to allege any actual knowledge of falsity on the part of the speaking party, and he fails to allege a connection between reputational harm and the statements. As Plaintiff has failed to establish a prima facie case for defamation, this Court will dismiss that allegation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff's claim of defamation is **DISMISSED**, **with prejudice**. Defendant's motion to dismiss Plaintiff's claim of Title VII retaliation is **DENIED**.

Dated this 11th Day of October, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE